IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Mark Fitzhenry, individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) ) | Civil Action No. 2:21-cv-00789-DCN |
| Plaintiff, | ) ) | **DEFENDANT VIVINT, INC.'S MOTION TO DISMISS THE FIRST** |
| vs. | ) ) ) | **AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY OR TRANSFER THIS CASE** |
| Vivint, Inc., RS&I, Inc., and John Doe Corporation, | ) ) ) | |
| Defendants. | ) ) | |

In response to defendant Vivint, Inc.'s ("Vivint") Motion to Dismiss the Complaint, Plaintiff Mark Fitzhenry ("Mr. Fitzhenry") filed a First Amended Complaint. Mr. Fitzhenry's amendments to the original complaint are twofold: (1) the substitution of the originally named defendant from DSI Distributing, Inc. ("DSI") to RS&I, Inc. ("RS&I") and (2) a slight modification to the language of the proposed class definitions.[1] Neither of these amendments, however, remedy the core issue with Mr. Fitzhenry's original Complaint. He seeks to certify a putative class that is indisputably subsumed by a proposed class in a previously filed action against Vivint.[2] Accordingly and pursuant to the first-to-file rule, Vivint respectfully submits this motion to dismiss, or in the alternative, to stay or transfer this case.[3]

---

[1] Upon information and belief, RS&I has not been served with the First Amended Complaint.

[2] For ease of reference, a true and correct copy of a redline comparison between Mr. Fitzhenry's original complaint and the First Amended Complaint is attached hereto as Exhibit 1.

[3] Pursuant to Local Civ. Rule 7.04 (D.S.C.), Vivint is not submitting a separate supporting memorandum because the grounds for this motion are set forth fully herein and because a separate memorandum would serve no useful purpose.

I.    **INTRODUCTION**

This matter should be dismissed because this putative Telephone Consumer Protection Act

("TCPA") class action is already pending against Vivint in the United States District Court for the

District of Utah.  This case is brought by Mr. Fitzhenry – a professional plaintiff[4] – and contains

the same allegations and putative TCPA nationwide class as the case pending in the District of

Utah.  The same attorneys represent the plaintiffs in both cases.  It is the latest example of forum

shopping and using the threat of class litigation as leverage to obtain a settlement in a jurisdiction

outside the District of Utah, where the first case was filed.  The first-to-file rule operates to prevent

exactly this situation.  It also serves to protect the interests of judicial economy.  Thus, under the

first-to-file rule, the First Amended Complaint should be dismissed or, in the alternative, this

matter should be stayed pending the resolution of the case pending in the District of Utah, or

transferred to the District of Utah.  This Court should also decline to exercise supplemental

jurisdiction over Plaintiff's state law claim under the South Carolina Telephone Privacy Protection

Act ("SCTPPA").

---

[4] *See*, *e.g.*, *Fitzhenry v. Independent Home Products, LLC*, No. 2:19-cv-02993-SAL (D.S.C., Dec. 23, 2019); *Fitzhenry v. ISI Alarms NC, Inc.*, No. 2:12-cv-03510-CWH-BM (D.S.C., Dec. 12, 2012); *Fitzhenry v. Lifewatch, Inc*., No. 2:14-cv-00877-DCN-BM (D.S.C., Mar. 12, 2014); *Fitzhenry v. One on One Marketing, LLC*, *et al.*, No. 2:14-cv-04782-DCN (D.S.C., Nov. 6, 2015); *Fitzhenry v. Ushealth Group, Inc., et al*, No. 2:15-cv-03062-DCN (D.S.C., Aug. 4, 2015); *Fitzhenry v. the Independent Order of Foresters et al*, No. 2:14-cv-03690-DCN (D.S.C., Sept. 18, 2014); *Fitzhenry v. Festiva Development Group, Inc., et al.*, No. 2:16-cv-03725-DCN (D.S.C., Oct. 2, 2017); *Fitzhenry v. Fifth Third Bank*, No. 2:14-cv-2076 (D.S.C., May 28, 2014); *Fitzhenry v. Lowe's Companies, Inc., et al*., No. 2:14-cv-2081 (D.S.C., May 29, 2014); *Fitzhenry v. Lily Management and Marketing Co., LLC, et al.*, No. 2:14-cv-3866 (D.S.C., Oct. 3, 2014); *Fitzhenry v. Lifewatch*, No. 2:13-cv-3508 (D.S.C.); *Fitzhenry v. Woodforest National Bank, N.A.*, No. 3:16-cv-02809-JFA (D.S.C., Aug. 11, 2016); *Fitzhenry v. Guardian Protection Services Inc., et al*., No. 2:16-cv-03597-RMG (W.D. P.A., Aug. 18, 2016); *Fitzhenry v. Career Education Corp.*, No. 1:14-cv-10172 (N.D. Ill., Dec. 18, 2014).

## II.    STATEMENT OF FACTS

### A.    The First-Filed TCPA Class Action.

On August 14, 2019, a putative TCPA class action was filed against Vivint and DSI by

Andrew Perrong in the District of Utah.  *See Perrong v. Vivint, Inc.*, No. 2:19-cv-00568 (D. Utah,

filed Aug. 14, 2019) (hereinafter referred to as "*Perrong*").[5]  The attorneys in *Perrong* are the same

attorneys who represent Mr. Fitzhenry and the putative classes here.[6]  On October 8, 2019, an

amended complaint was filed adding two additional plaintiffs: Joseph Barrett and Craig

Cunningham.   *See* Exhibit 2, *Perrong* Dkt. Rpt. at No. 24.  On July 10, 2020, plaintiff Joseph

Barrett filed a notice of voluntary dismissal.  *Id.* at No. 66.  On January 4, 2021, the *Perrong* Court

granted leave to amend the complaint for the second time to include Robert Hossfeld as an

additional plaintiff.  *Id.* at No. 85.  On January 5, 2021, Plaintiffs Perrong, Cunningham and

Hossfeld filed the Second Amended Complaint, which is presently the operative complaint in

*Perrong*.[7]  *See id.* at No. 86.

In the Second Amended Complaint, Plaintiffs Perrong, Cunningham, and Hossfeld raise

various claims under the TCPA arising from their purported receipt of telemarketing calls from,

---

[5] A true and correct copy of the *Perrong* docket report is attached hereto as Exhibit 2.  The Court
may take judicial notice of the public docket.  The Federal Rules of Evidence provide that a "court
may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally
known within the trial court's territorial jurisdiction; or (2) can be accurately and readily
determined from sources whose accuracy cannot be reasonably be questioned." Fed. R. Evid.
201(b).  As the rule states, the court "must take judicial notice if a party requests it and the court
is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *see also Whitt v. Wells Fargo
Fin., Inc.*, 664 F. Supp. 2d 537, 542 (D.S.C. 2009) ("[T]he most frequent use of judicial notice of
ascertainable facts is in noticing the content of court records.").

[6] Accordingly, Mr. Fitzhenry's attorneys were clearly aware of the first-filed *Perrong* action.

[7] A true and correct copy of the Second Amended Complaint filed in *Perrong* is attached hereto
as Exhibit 3.  The Court may take judicial notice of the Second Amended Complaint. *See supra*
at n.4.

or on behalf of, Vivint, allegedly without their prior express consent.  *See generall*y Exhibit 3,

*Perrong* Sec. Am. Compl.  Plaintiffs Perrong, Cunningham, and Hossfeld propose to represent a

class, defined as:

> Automated Call Class
>
> All persons within the United States to whom (a) Defendants **and/or a third party acting on its behalf**, made one or more non-emergency telephone calls; (b) to their cellular telephone number or number that is charged per call; (c) using an automatic telephone dialing system or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

*See* Exhibit 3, *Perrong* Sec. Am. Compl. at ¶ 118 (emphasis added).[8]  The class discovery deadline

in *Perrong* is July 14, 2021.[9]

## B.    The Instant Case.

On March 19, 2021, Mr. Fitzhenry initiated the instant case against Vivint and DSI.  *See*

Fitzhenry Compl., Dkt. No. 1.  On May 13, 2021, Mr. Fitzhenry dismissed DSI without prejudice

from this action.  Dkt. No. 11.  On June 11, 2021, Vivint filed a motion to dismiss the Complaint

or, in the alternative, to stay or transfer this matter (the "First Motion to Dismiss").  *See* First

Motion to Dismiss, Dkt. No. 14.

On June 24, 2021, Mr. Fitzhenry filed his First Amended Complaint.  *See* Fitzhenry Am.

Compl., Dkt. No. 18.  Via the First Amended Complaint, Mr. Fitzhenry added RS&I as a defendant

---

[8] In addition to the "Automated Call Class," Plaintiffs Perrong and Hossfeld propose to represent a "National Do Not Call Registry Class" under the TCPA.  *See* Exhibit 3, *Perrong* Sec. Am. Compl. at ¶ 118.  Plaintiffs Perrong and Cunningham further propose to represent an "Internal Procedures Class," under the TCPA.  *Id*.

[9] A true and correct copy of the Fourth Amended Scheduling Order dated June 23, 2021 (which is the operative scheduling order) in *Perrong* is attached hereto as Exhibit 4.  The Court may take judicial notice of the Fourth Amended Scheduling Order.  *See supra* at n.5.

and made minor modifications to his proposed class definitions, discussed in greater detail below.

*See* Fitzhenry Am. Compl., Dkt. No. 18.  The core allegations comprising the original Complaint

remain in the First Amended Complaint.  *See* Exhibit 1.  Mr. Fitzhenry alleges that on February 5,

2021, he received a prerecorded or automatic telephone dialing system ("ATDS") telemarketing

call on his cellular telephone from RS&I's vendor, John Doe Corporation, on behalf of Vivint and

RS&I without his prior express permission.  *See* Fitzhenry Am. Compl., Dkt. No. 18.  ¶¶ 27-29,

41.  Based on those allegations, Mr. Fitzhenry has raised individual claims under the TCPA and

seeks to represent a class defined as:

> Automated Call Class
>
> All persons within the United States to whom: (a) RS&I, Inc. and/or
> a third party acting on their behalf, made one or more non-
> emergency telephone calls; (b) for the purpose of promoting Vivint
> Services (c) to their cellular telephone number or number that is
> charged per call; (d) using an automatic telephone dialing system or
> an artificial or prerecorded voice; and (e) at any time in the period
> that begins four years before the date of the filing of this Complaint
> to trial.

*See* Fitzhenry Am. Compl., Dkt. No. 18 at ¶ 68.  In his original Complaint, the definition of the

putative "Automated Call Class" in *Perrong* was identical to Mr. Fitzhenry's proposed

"Automated Call Class" in this action.  *Compare* Exhibit 3, *Perrong* Sec. Am. Compl. at ¶ 118

*with* Fitzhenry Compl., Dkt No. 1 at ¶ 69.  In his First Amended Complaint, Mr. Fitzhenry made

slight modifications to his putative "Automated Call Class" definition, as shown in redline

comparison between Mr. Fitzhenry's original Complaint and First Amended Complaint below:

> All persons within the United States to whom (a) ~~Defendants~~RS&I,
> Inc. and/or a third party acting on their behalf, made one or more
> non-emergency telephone calls; (b) for the purpose of promoting
> Vivint Services; (c) to their cellular telephone number or number
> that is charged per call; (~~e~~d) using an automatic telephone dialing
> system or an artificial or prerecorded voice; and (~~d~~e) at any time in
> the period that begins four years before the date of the filing of this
> Complaint to trial.

*Compare* Fitzhenry Compl., Dkt No. 1 at ¶ 69 *with* Fitzhenry Am. Comp., Dkt. No. 18 at ¶ 68; *see also* Exhibit 1, Redline Comparison of Complaints.  In addition to the individual TCPA claim and putative "Automated Call Class," Mr. Fitzhenry brings individual and putative class claims under SCTPPA.  *See* Fitzhenry Am. Compl., Dkt. No. 18 at ¶¶ 68, 83-84.  The SCTPPA individual and class claims also arise from purported telemarketing calls placed by RS&I on Vivint's behalf.  *Id*.

## III.    LEGAL ARGUMENT

### A.    The First Amended Complaint Should Be Dismissed Under The First-To-File Rule Because It Is Based On The Same Underlying Allegations As *Perrong*.

"[A] case pending in federal court may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Reed Concrete Const., Inc. v. Millie, LLC*, No. 8:12-3117, 2013 WL 80487, at *2 (D.S.C. Jan. 7, 2013).  "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Nexsen Pruet, LLC v. Westport Ins. Corp.*, No. 3:10-895, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (quoting *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991)). Indeed, "[w]hen two suits based upon the same factual issues are filed in different federal courts, the Fourth Circuit has recognized the 'first to file' rule, giving priority to the first filed suit absent a showing of a balance of convenience in favor of the second filed suit." *Hartford Fire Ins. Co. v. Harleysville Mutual Ins. Co.*, No. 2:11-cv-3018, 2012 WL 129893801, at * 4 (D.S.C. May 18, 2012).

Here, the applicable chronology is not subject to dispute.  *Perrong* was filed on August 14, 2019 (Exhibit 2, *Perrong* Dkt. Rpt. at No. 1), while this action was filed on March 19, 2021.  *See* Dkt. No. 1.  Thus, *Perrong* is the first-filed action.

Moreover, not only are "the same factual issues"[10] present in both cases, the allegations underlying the two complaints are, in fact, identical—namely, both allege that Vivint, or an entity on its behalf (*i.e.*, DSI or RS&I or some other third party), violated the TCPA by making calls to individuals' cellular telephones from an ATDS, prerecorded or artificial voice without their prior express written consent. *Compare* Fitzhenry Am. Compl., Dkt. No. 18 at ¶ 2 *with* Exhibit 3, *Perrong* Sec. Am. Compl. at ¶¶ 2-4. Furthermore, Mr. Fitzhenry's entire "Automated Call Class" falls within *Perrong's* "Automated Call Class." *Compare* Dkt No. 18 at ¶ 68 *with* Exhibit 3, *Perrong* Sec. Am. Compl. at ¶ 118. In other words, if the "Automated Call Class" is certified in *Perrong*, **each and every putative class member** in the putative "Automated Call Class" in this case would necessarily have to opt out of *Perrong* to sustain a claim here. Conversely, if the *Perrong* Court declines to certify the proposed "Automated Call Class" or finds that no liability exists, Mr. Fitzhenry's individual TCPA claims, as well as the putative class's TCPA claims, should likewise fail. As "a court in [this] circuit concluded[,] the first-to-file rule is 'particularly appropriate,' in a pre-class certification context, as it avoids 'multiple attempts at certification in two different courts.'" *Cox v. Air methods Corp.*, No. 1:17-04610, 2018 WL 2437056, at * 4 (S.D. W. Va. May 30, 2018) (quoting *Ortiz v. Panera Bread Co.*, No 1:10CV1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011)). Class discovery in *Perrong* is set to conclude on July 14, 2021 (Exhibit 4, Fourth Amended Scheduling Order), and, as such, is currently in the pre-certification stage. Thus, this requested relief pursuant to the first-to-file rule is ripe for adjudication.

Accordingly, because the two putative "Automated Call Classes" are based upon identical issues, requests for relief, and involve overlapping parties, this Court should dismiss or, in the

---

[10] *Hartford*, 2012 WL 129893801, at * 4.

alternative, stay this case in deference to the earlier-filed case in *Perrong*. "To hold otherwise would ignore the rationale for the rule—comity and efficient judicial administration." *Synthes, Inc. v. Knapp*, 978 F. Supp. 2d 450, 456 (E.D. Pa. 2013).

### 1.    The First-To-File Rule Applies Because The Issues, Claims, And Relief Requested Are Substantially Similar.

The first-to-file rule requires only that "the two competing actions are substantively the same or sufficiently similar to come within the ambit of the [rule]." *Cox*, 2018 WL 2437056, at *3. Yet, even a cursory comparison of the filings in each case demonstrates that Mr. Fitzhenry's First Amended Complaint is based on the exact same subject matter as the Second Amended Complaint in *Perrong*:

| *Perrong's* Class Action Complaint | *Fitzhenry's* Class Action Complaint |
|---|---|
| "The Plaintiffs and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, The Plaintiffs bring this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Vivint." *See* Exhibit 3, *Perrong* Sec. Am. Compl. at ¶ 6. | "Mr. Fitzhenry and putative class members never consented to receive these calls. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Mr. Fitzhenry brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Vivint." *See* Fitzhenry Am. Compl., Dkt. No. 18 at ¶ 3. |

Indeed, "the overlapping subject matter of these two cases cannot be denied with a straight face." *Catanese v. Unilever*, 774 F. Supp. 2d 684, 687 (D.N.J. 2011). As evidenced by the plain language of the two complaints, the plaintiffs in both *Fitzhenry* and *Perrong* each have alleged overlapping, "substantially similar" (if not identical) violations of the TCPA based on the same purported "telemarketing" calls from Vivint, or an entity on its behalf, and so "the core facts are similar and the causes of action in both arise out of the same . . . conduct." *Knapp*, 978 F. Supp. 2d at 456 (applying the first-to-file rule).

8

Therefore, this Court should apply the first-to-file rule and dismiss this case. "To hold otherwise would ignore the rationale for the rule—comity and efficient judicial administration," *id.*, and "would encourage parties in [Fitzhenry's] position to forum shop and bring lawsuits involving closely related issues in a court other than the one where a first action is pending." *Villari Brandes & Kline, P.C. v. Plainfield Specialty Holdings II, Inc.*, No. 09-CV-2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009).

### 2.    The parties in *Perrong* and *Fitzhenry* are substantially similar.

The "first-to-file rule does not require the exact identity of the parties" but requires "only substantial similarity of parties." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.,* 787 F.3d 1237, 1240 (9th Cir. 2015) (omission of one defendant does not defeat application of the first-to-file rule). When it comes to class actions, requiring strict identity of class representatives "would be in direct conflict to the purposes of the first-to-file rule because class actions are frequently complex affairs which tax judicial resources—the very cases in which the principles of avoiding duplicative proceedings and inconsistent holdings are at their zenith." *Hilton v. Apple, Inc.,* No. 13-CV-2167, 2013 WL 5487317, at *7 (N.D. Cal. Oct. 1, 2013). "Moreover, in a class action, the classes, and not the class representatives, are compared [for the purposes of the first-to-file rule."]. *Catanese*, 774 F. Supp. 2d at 688 (quotation omitted) (citing *E.E.O.C. v. Univ. of Pennsylvania,* 850 F.2d 969, 971 (3d Cir. 1988)); *see also Cox*, 2018 WL 2437056, at * 4 (quoting *Ortiz*, 2011 WL 3353432, at *2) ("[A] court in [this] circuit concluded[,] the first-to-file rule is 'particularly appropriate,' in a pre-class certification context, as it avoids 'multiple attempts at certification in two different courts.'").

Indeed, "courts routinely look to the similarities of the *proposed* classes even where the court has not yet ruled on the certification question." *Askin v. Quaker Oats Co.,* No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb.15, 2012) (emphasis original). "Courts have held that

9

proposed classes in class action lawsuits are substantially similar where both classes seek to

represent at least some of the same individuals." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967

F. Supp. 2d 1289, 1296 (N.D. Cal. 2013).  Here, more than "at least some" of the same individuals

are involved.  Indeed, the putative "Automated Call Class" in *Fitzhenry* is wholly subsumed by

the putative "Automated Call Class" in the earlier-filed *Perrong* case:

| Putative Class in *Perrong* | Putative Class in *Fitzhenry* |
|---|---|
| **Automated Call Class:**  All persons within the United States to whom: (a) Defendants and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number or number that is charged per call; (c) using an automatic telephone dialing system or an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial. *See* Exhibit 3, *Perrong* Sec. Am. Compl. at ¶ 118. | **Automated Call Class:**  All persons within the United States to whom: (a) RS&I, Inc. and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) for the purpose of promoting Vivint Services (c) to their cellular telephone number or number that is charged per call; (d) using an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of the filing of this Complaint to trial. *See* Fitzhenry Am. Compl., Dkt. No. 18 at ¶ 68. |

Mr. Fitzhenry's two minor amendments to the Automated Call Class definition in his First

Amended Complaint do not change the Court's analysis of the application of the first-to-file rule.

Mr. Fitzhenry's amendment to the proposed Automated Call Class is a distinction without a

difference.  For example, the broad language of "Defendants and/or a third party" contained in the

Automated Call Class definition in *Perrong* subsumes the "RS&I, Inc. and/or a third party"

amended language contained in the *Fitzhenry* Automated Call Class definition.  The First

Amended Complaint alleges that RS&I made calls on behalf of Vivint.  Accordingly, RS&I is a

third party that made calls on behalf of Vivint and is necessarily included in the Automated Call

Class definition in Perrong.  Similarly, the Automated Call Class definition in *Perrong* does not

limit the purpose of the call, so it would necessarily include calls "for the purpose of promoting

Vivint Services," which was included as an amendment to the *Fitzhenry* Automated Call Class

definition.

In fact, when the plaintiff Cunningham was deposed last month in the *Perrong* action, he

was presented with Mr. Fitzhenry's original Automated Call Class definition and asked whether

Mr. Fitzhenry would be a member of *Perrong's* Automated Call Class:

> Q.    Do you believe that Mr. Fitzhenry would be a member of the
> Automated Call Class that you and Mr. Perrong are seeking
> to certify in Utah?
>
> A.    Partially, but our class definition is earlier, so there may be
> calls that he received that would not fall into our class
> definition but would solely be his class definition and time
> frame.

*See* Exhibit 5 at p. 291:3-9.[11]  As is evident from the Automated Call Class definition in *Perrong*,

it covers calls made "four years before the date of the filing of this Complaint to trial."  Stated

differently, the *Perrong* time-period is from August 14, 2015 (four years before the complaint)

and is still continuing to date (because the *Perrong* action has not yet progressed to trial).  It

therefore cannot be disputed that this time frame includes everyone in the *Fitzhenry* class.

The "similarity of the issues" factor also does not require complete identity; only that the

issues are substantially similar.  Here, in addition to the "Automated Call Class," Mr. Fitzhenry

proposes a class pursuant to the SCTPPA. *See* Fitzhenry Am. Compl., Dkt. No. 18 at ¶ 68.  There

is no SCTPPA claim alleged in the *Perrong* case. *See generally* Exhibit 3, *Perrong* Sec. Am.

Compl.  However, the fact that a copycat suit contains additional legal claims or different legal

claims does not preclude the court from dismissing, staying or transferring the case if the suit

---

[11] A true and correct copy of an excerpt from Plaintiff Cunningham's deposition transcript dated
June 8, 2021 taken in connection with the *Perrong* action is attached hereto as Exhibit 5.

11

involves the same or substantially similar controversy or dispute.  Courts have found substantial

overlap even where one suit involved additional substantive or claims arising under different

states' laws.  *See, e.g.*, *Youngevity Int'l, Inc. v. Renew Life Formulas, Inc*., 42 F. Supp. 3d 1377,

1383 (S.D. Cal. 2014) ("Any derivative claims alleged in connection with this trademark dispute

do not detract from the core allegations in both actions."); *eNom, Inc. v. Philbrick*, No. C08-

1288RSL, 2008 U.S. Dist. LEXIS 95820, at *2 (W.D. Wash. Nov. 17, 2008) ("Despite the

additional claim in this case, the factual and legal issues in the two cases are overwhelmingly

similar. . . . An adjudication of the parties' rights in one case would necessarily affect their rights

in the other case. Moreover, substantially the same evidence will be presented in both actions.");

*Wallerstein*, 967 F. Supp. 2d at 1297 (rejecting argument that issues were not substantially similar

because one case involved claims under New York, California, and other state laws whereas the

other case involved only claims under California law); *Worthington v. Bayer Healthcare, LLC*,

No. CIV.A. 11-2793 ES, 2012 U.S. Dist. LEXIS 44880, 2012 WL 1079716, at *6 (D.N.J. Mar.

30, 2012) ("Finding an insubstantial overlap because of the fact that the claims are asserted under

different state laws would defeat the judicial efficiency rationale undergirding the first-filed

rule.").

Because the putative nationwide "Automated Call Class" in *Fitzhenry* is wholly subsumed

by the putative "Automated Call Class" in the earlier-filed *Perrong* case, the only remaining claim

in this action is under the SCTPPA.  As such, the Court should decline to exercise supplemental

jurisdiction over Mr. Fitzhenry's state law individual and putative class claims because South

Carolina state courts have a greater interest than this Court in determining the shape and substance

of the SCTPPA.  *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (explaining that courts

may decline to exercise supplemental jurisdiction in certain circumstances under 28 U.S.C. §

1367(c) and, in particular, a court has discretion to dismiss or keep a case when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3)); *see also United States ex rel. Szymoniak v. ACE Sec. Corp.*, No. 0:13-cv-00464-JFA, 2014 U.S. Dist. LEXIS 64892 (D.S.C. May 12, 2014) (dismissing a case brought under the federal False Claims Act under the first-to-file doctrine and declining to exercise supplemental jurisdiction over the state claims); *Caraboolad v. Sun Tan City*, No. 3:19-cv-00444-CRS, 2020 U.S. Dist. LEXIS 12882, at \*15 (W.D. Ky. Jan. 27, 2020) (transferring plaintiff's TCPA claim to the first-filed action and declining to accept supplemental jurisdiction over the SCTPPA claim).[12]

"That the claims here are substantially similar to those in [*Perrong*] is [self-evident from the fact] that [*Fitzhenry*] is 'simply a subset of the [*Perrong*] Case.'" *See, e.g.*, *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1298 (D. Kan. 2010). In other words, "for a substantial component of this case[,] . . . the claims in [*Perrong*] are indeed identical." *Id.* As is evident from the pleadings, not only are the proposed "Automated Call Classes" in *Perrong* and *Fitzhenry* substantial components of each case, but the proposed "Automated Call Class" in each case are ***substantially the same***. *See Samataro v. Keller Williams Realty, Inc.*, No. 20-12185, 2021 U.S. Dist. LEXIS 12027, at \*9 (E.D. Mich. Jan. 22, 2021) (finding issues between two TCPA actions substantially overlapped where complaints were drafted by the same attorney and used highly similar language). If Mr. Fitzhenry's factual allegations are proven true, he would be a member of *Perrong's* proposed "Automated Call Class."

---

[12] Further, the Court should also decline jurisdiction because the constitutionality of the SCTPPA is currently the subject of an active controversy filed on February 4, 2021 in the United States District Court, District of South Carolina. *See United Resource Systems, Inc. v. The State of South Carolina, et al.*, Case No. 3:21-cv-00364.

More importantly, "[t]his Court cannot allow a parallel action to proceed which involves putative absent class members from an earlier-filed class action." *Catanese*, 774 F. Supp. 2d at 688. "Such a situation would cause substantial duplication of effort, and worse, potentially inconsistent rulings," and "would frustrate one of the primary purposes of the rule, which is to avoid the embarrassment of conflicting judgments." *Id.* (citing *E.E.O.C.,* 850 F.2d at 977). In *Winters v. Quicken Loans Inc.*, the court found the second-filed TCPA case to be substantially similar to the first-filed case and used its discretion under the first-to-file doctrine to dismiss the claim. *Winters v. Quicken Loans Inc.*, No. CV-20-00112-PHX-MTL, 2021 U.S. Dist. LEXIS 47267 (D. Ariz. Mar. 12, 2021). The same result should be reached here.

Accordingly, this Court should apply the first-to-file rule and dismiss this case.

### 3.     The relief requested in *Perrong* and *Fitzhenry* are identical.

There can be no dispute that the plaintiffs in both cases have requested the same relief:

| Requested Relief in *Perrong*[13] | Requested Relief in *Fitzhenry*[14] |
|---|---|
| That the Court enter a judgment permanently enjoining the Defendant from using an automatic telephone dialing system, absent an emergency circumstance | Injunctive relief prohibiting Defendants and/or its affiliates, agents, and/or other persons or entities acting on behalf from making calls, except for emergency purposes, to any telephone numbers using an ATDS and/or artificial or prerecorded voice in the future |
| That the Court enter a judgment awarding Plaintiff and all class members statutory of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation | Because of violations of the TCPA, Plaintiffs seek for themselves and the other putative Class members $500 in statutory damages per violation or where such regulations were willfully or knowingly violated up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3); 47 U.S.C. § 227(c)(5) |

---

[13] *See* Exhibit 3, *Perrong* Sec. Am. Compl. at p. 25.

[14] *See* Fitzhenry First Am. Compl., Dkt. No. 18 at pp. 15-16.

14

| That the Court certify the proposed classes; That the Court appoint Plaintiff as class representative; That the Court appoint the undersigned counsel as counsel for the class | An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class |

Again, if Mr. Fitzhenry were allowed to proceed with this second-filed case, "[s]uch a situation would cause substantial duplication of effort, and worse, potentially inconsistent rulings," particularly since the plaintiffs in both cases request identical forms of relief. *Catanese*, 774 F. Supp. 2d at 688. "This would frustrate one of the primary purposes of the rule, which is to avoid the embarrassment of conflicting judgments," and therefore the Court should dispose of this case under the first-to-file rule. *Id.*

**B.      If The First Amended Complaint Is Not Dismissed, This Matter Should Be Stayed Until The *Perrong* Case Is Resolved.**

Vivint respectfully requests that, if this case is not dismissed, the Court stay the matter until the *Perrong* case is resolved. *See Baatz*, 814 F.3d at 793 ("[w]hen a federal court is presented with ... a duplicative suit, it may exercise its discretion to stay the suit before it, to allow both suits to proceed, or, in some circumstances, to enjoin the parties from proceeding in the other suit.") (internal citation omitted); *see also Salix Pharm., Ltd. v. Mylan Pharm Inc.*, No. 1:14cv152, 2015 WL 13609778, at *4 (N.D. W. Va. Feb. 18, 2015) ("When a case falls within the ambit of the first-to-file rule, courts generally will stay, dismiss, or transfer the second-filed case."); *see also Weinstein v. Metlfe Inc.*, 2006 WL 3201045 (N.D. Cal. 2006) (same). Because the *Perrong* case is still pending, staying this case would avoid the possibility of conflicting results. *See Baatz*, 814 F.3d at 789 (noting that avoiding conflicting results is a reason to enforce the first-to-file rule); *see also Ables & Hall Builders*, 2008 WL 2168890, at *2 (staying case and reasoning that otherwise the court would be "risking inconsistent results and confusing remedies"). As an alternative to

dismissal, Federal courts have stayed the second-filed TCPA case pending resolution of the first-filed case. *See*, *e.g.*, *Samson v. United HealthCare Servs.*, No. C19-0175JLR, 2020 U.S. Dist. LEXIS 124136, at \*19 (W.D. Wash. July 14, 2020); *Sandusky Wellness Ctr., Ltd. Liab. Co. v. Alere Home Monitoring, Inc.*, No. C 18-04869 WHA, 2018 U.S. Dist. LEXIS 211454 (N.D. Cal. Dec. 14, 2018); *Caraboolad v. Sun Tan City*, 2020 U.S. Dist. LEXIS 12882 (W. D. Ky. Jan. 27, 2020).[15]

## IV.    CONCLUSION

The earlier-filed *Perrong* case necessarily subsumes Mr. Fitzhenry's putative "Automated Call Class" as both cases are based on the very same alleged conduct by the same parties. Because the *Perrong* class action was filed over 19 months before Mr. Fitzhenry's case was commenced (and by the same attorneys), the first-filed rule favors dismissal of this case, or, in the alternative, a stay or transfer to the District of Utah. Accordingly, Vivint respectfully requests that this Court enter an order dismissing the First Amended Complaint. Alternatively, Vivint asks that the Court stay this case pending resolution of *Perrong*.

*SIGNATURE PAGE ATTACHED*

---

[15] As a third option, federal courts have transferred the second-filed TCPA case to the jurisdiction of the first-filed case. *See*, *e.g*., *Samataro v. Keller Williams Realty, Inc.*, 2021 U.S. Dist. LEXIS 12027 (E.D. Mich. Jan. 22, 2021); *Johansen v. Blue Raven Solar, LLC*, 2020 U.S. Dist. LEXIS 214917 (S.D. Ohio Nov. 17, 2020); *Glasgo v. Uber Techs., Inc.*, 2019 U.S. Dist. LEXIS 78005 (M.D. Fla. May 3, 2019); *Caraboolad v. Sun Tan City*, 2020 U.S. Dist. LEXIS 12882 (W.D. Ky. Jan. 24, 2020); *Diaz-Lebel v. TD Bank USA, N.A.*, 2017 U.S. Dist. LEXIS 187823 (D.N.J. Nov. 14, 2017); *Retina Assocs. Med. Grp., Inc. v. Olson Research Grp., Inc.*, 2019 U.S. Dist. LEXIS 152597 (C.D. Cal. Mar. 20, 2019); *Thompson v. Global Mktg. Research Servs.*, 2016 U.S. Dist. LEXIS 6350 (E.D. Pa. Jan. 19, 2016); *Gonzalez v. Unitedhealth Grp., Inc.*, 2020 U.S. Dist. LEXIS 97802 (W.D. Tex. June 3, 2020); *Monge v. NCO Fin. Sys.*, 2014 U.S. Dist. LEXIS 194352 (C.D. Cal. Feb. 28, 2014); *Masciotra v. Vertafore, Inc.*, 2021 U.S. Dist. LEXIS 82988 (D. Colo. Apr. 30, 2021). Transfer should be the last resort here given the procedural postures of the two cases.

Respectfully submitted,

/s/ Chadwick S. Devlin

Carmen Harper Thomas
Federal Bar No. 10170
Chadwick S. Devlin
Federal Bar No. 12390
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1320 Main Street / 17th Floor
Post Office Box 11070 (29211-1070)
Columbia, SC 29201
T: (803) 799-2000

BALLARD SPAHR LLP
Melanie J. Vartabedian, Esq. (*Admitted Pro Hac Vice*)
vartabedianm@ballardspahr.com
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah  84111-2221
T: 801.531.3000

Jenny N. Perkins, Esq. (*Admitted Pro Hac Vice*)
perkinsj@ballardspahr.com
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.665.8500
perkinsj@ballardspahr.com

*Attorneys for Defendant, Vivint, Inc.*

July 7, 2021

17